Filed 6/27/13  P. v. Hunt CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRIUS LAMAR HUNT,<br><br>    Defendant and Appellant. | B240010<br><br>(Los Angeles County<br>Super. Ct. No. VA120832) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert J. Higa, Judge.  Affirmed.

Akin Gump Strauss Hauer & Feld LLP and Katharine J. Galston, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Under California law an individual who aids and abets a crime may be liable not only for the crime the individual intended to aid and abet "but also for any other crime that is the 'natural and probable consequence' of the target crime." (*People v. Prettyman* (1996) 14 Cal.4th 248, 261.) The sole question in this appeal is whether substantial evidence supports the jury's finding that the use of force or fear was a natural and probable consequence of defendant's intent to aid in stealing bicycles. The answer is yes.

## FACTS AND PROCEEDINGS BELOW

Fourteen-year-old Caesar Lopez was riding his "fixie" bike[1] in the right-hand lane of Bixbie Avenue when an El Camino truck which had been traveling in the opposite direction suddenly veered into Lopez' lane forcing him to stop. There were four men in the truck. One of the men said to Lopez: "Give me your bike." Lopez pedaled his bicycle around the truck and continued down the street. When he looked back he saw that the truck had made a U-turn and was chasing him so he "kept pedaling faster" until he reached Frank's Bicycles, a store where he believed that he would be safe.

When Lopez arrived at the bicycle store he told the owner, Vito Console, that he was being chased by some men in a car "and they tried to steal my bike." Lopez and Console went outside the store and saw the El Camino parked at the curb. When the men in the truck saw Lopez and Console they drove away. Lopez got the truck's license number and Console called the Sheriff's Department.

A deputy sheriff stopped the truck approximately a mile from the store. Another deputy brought Lopez to the scene where he identified defendant Darrius Hunt and two other men, Phillip Jones and Jeffrey Gainer, as having been in the truck that forced him to stop. He was unable to tell the deputies which of the men had demanded his bicycle.

Sheriff's deputies arrested the three men in the truck and seized cell phones belonging to Gainer and Hunt. The phones contained text messages between Gainer

---

[1]     A "fixie" bike has thin rails and tires and a fixed gear.

and Hunt the night before the incident.  The messages were introduced into evidence.  Gainer's message to Hunt read: "Trying to snag some fixies.  I'm a hit you."  Hunt's reply read: "Good luck.  Hit me tomorrow bro, so we can get them fixies."

At trial, Lopez testified that he felt threatened by the number of people in the truck and the way the truck cut him off as he rode down the street.  He identified Gainer and Hunt as among the occupants of the truck.  He testified that Hunt was wearing a tank top and was the one who ordered: "Give me your bike."  Hunt's booking photo, taken later on the afternoon of his arrest, however, showed that Hunt wearing a T-shirt, not a tank top.  Lopez also testified that the man who demanded his bicycle was in the bed of the truck.  When the truck was stopped just a mile from the incident Hunt was sitting in the front passenger seat.

Hunt testified that he meant by his text to Gainer that if they saw a fixie "laying around [that] didn't have anybody around it then . . . we would get it."

The jury was instructed on attempted robbery and attempted theft.  It found Hunt guilty of one count of attempted second degree robbery.  The court sentenced Hunt to time served and placed him on three years' formal probation.

## DISCUSSION

The prosecution did not attempt to convict Hunt of robbery on the theory that he was the person who demanded Lopez' bicycle.  Instead the prosecutor argued to the jury that "it doesn't matter whether he was the one who made the statement . . . . Someone in that car made the statement, made the demand for his bike, they scared the kid, and this is an attempted robbery."  The court instructed the jury that it could find Hunt guilty of aiding and abetting an attempted robbery if, among other things, it found that "the crime of attempted robbery was a natural and probable consequence of the commission of the crime of theft."

Hunt argues that his conviction of attempted robbery should be overturned because "[t]here was no evidence that suggested that trying to steal a bike, by force or

3

fear, from a person riding one . . . was the 'ordinary and probable effect' of a plan to go out and try to 'snag some' bikes if they were 'laying around.'"

The flaw in this argument is that it doesn't matter what Hunt thought Gainer meant by "snagging" some bicycles. "The determination whether a particular criminal act was a natural and probable consequence of another criminal act aided and abetted by a defendant requires application of an objective rather than subjective test. [Citations.] . . . [T]he issue is a factual question to be resolved by the jury in light of all of the circumstances surrounding the incident. [Citations.] Consequently, the issue does not turn on the defendant's subjective state of mind, but depends upon whether, under all of the circumstances presented, a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the act aided and abetted by the defendant. [Citations.]" (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 531.)

Nothing in the text messages between Gainer and Hunt on the night before the crime limited the "snagging" of bicycles to bicycles that were "laying around." A reasonable person in Hunt's position would have or should have known that the use of force or fear was a reasonably foreseeable consequence of the mission to steal bicycles.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P.J.

We concur:



CHANEY, J.                    JOHNSON, J.


4